## HARAY v. HARAY.

DIVORCE—AWARD TO HUSBAND FOR INTEREST IN FARM.

On appeal by a husband from a divorce decree, an award to him of $500 for his interest in a farm purchased on contract, and the property thereon, is increased to $1,000 under evidence showing that he had only $200 in savings, and that he had made large payments for new buildings and for repairs to old ones on the farm.

Appeal from Washtenaw; Sample (George W.), J.

Divorce, 19 C. J. § 776.

Submitted January 17, 1928.    (Docket No. 54.)    Decided April 3, 1928.    Rehearing denied June 5, 1928.

Bill by Rosa Haray against John Haray for a divorce.    From a decree for plaintiff, defendant appeals.    Modified and affirmed.

*Cavanaugh & Burke* (*Walter J. Maxey,* of counsel), for plaintiff.

*John W. L. Hicks* (*Charles C. Stewart,* of counsel), for defendant.

SHARPE, J.    The parties to this suit were married in 1905.    Their only child is a son, now 21 years of age.    They lived in Cleveland, Ohio, until 1911. Divorce proceedings were then begun, but were not pressed to a decree.    In 1912, plaintiff's father and mother, Mr. and Mrs. Matey, and one Jacoby purchased under a land contract a farm of 94 acres in the township of Salem, in Washtenaw county.    Plaintiff and defendant were then separated, and she went to live with her parents on this farm.    The defendant claims that at the request of plaintiff, and in the belief that they could again live happily together, he came to the farm and a new contract for its purchase was entered into on June 6, 1914, with the Michigan Farm Land Company, the owner thereof, in which the four of them were named as vendees.    The purchase price agreed upon was $5,000, of which $1,150 was at that time paid, a part of it by defendant.    It is apparent that the farm was not at that time very productive.    They all worked to make it so.    The next spring the defendant got work in an automobile factory in Detroit, and has worked there quite steadily since that time.    He spent his week-ends at the farm. It is plaintiff's claim that he then was guilty of many acts of extreme cruelty towards her.    The trial court

so found.     It will serve no useful purpose to review the testimony tending to support her charges.     While denied by defendant, we think they are supported by a preponderance of the proof.

The decree provided for the payment by plaintiff to defendant of the sum of $500, the same to be in full of all his interest in the farm and the property thereon. The amount unpaid on the land contract at the time of the hearing was $3,569.75.     The defendant produced an account book, apparently one of original entry, in which were set down the moneys he testified he had paid to the plaintiff and their son and for new buildings and repairs on those on the farm from September 22, 1921, to June 21, 1925.     The items therein aggregated $6,707.33, of which sum $1,195.77 was given directly to plaintiff.     There was no satisfactory proof of the value of the farm at the time of the hearing.     Without such proof, the court could not well determine defendant's equity therein.     We can but assume that its value was largely increased by the improvements made thereon.     Neither does the value of the stock and implements appear.     It is but fair to say that defendant was not then represented by the attorneys he now has.     That the plaintiff and her father and mother worked industriously to make the farm a success is apparent. We are, however, satisfied from the record that the allowance made to defendant is inequitable.     He testified that at the time of the hearing he had but $200 in savings, and this is not disputed.     He had worked quite steadily in automobile factories in Detroit for about nine years, and his earnings over and above his necessary expenses of living have been paid to plaintiff and expended on this farm.     We can but consider the record as it is presented to us.     In our opinion, the amount to be awarded to him in consideration of his release of his interest in the farm and the stock and implements thereon should be increased to $1,000.

The decree rendered in the circuit court will be modified in this court to so provide, and, as thus modified, affirmed.    No costs in this court will be allowed.

NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.